UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**NORTHERN DIVISION at ASHLAND**

STEVEN RAY BOWEN,　　　　　　　)
　　　　　　　　　　　　　　　　)
　　　Plaintiff,　　　　　　　)　　　　　　Case No.
　　　　　　　　　　　　　　　　)　　　　0:20-CV-122-JMH
v.　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　)　　　**MEMORANDUM OPINION**
KILOLO KIJAKAZI,　　　　　　　)　　　　　**AND ORDER**
ACTING COMMISSIONER OF SOCIAL　)
SECURITY,　　　　　　　　　　　)
　　　　　　　　　　　　　　　　)
　　　Defendant.　　　　　　　)

***

Plaintiff Steven Ray Bowen seeks judicial review pursuant to 42 U.S.C. § 405(g) of the Commissioner's final decision denying his application for disability insurance benefits (DIB) under Title II of the Social Security Act (the "Act"). Fully briefed, [DE 15; DE 19], the matter is ripe for review.

Plaintiff applied for DIB on November 28, 2017. [Tr. 306-11].[1] An ALJ's decision denying Plaintiff's application, [Tr. 60-83], became the Commissioner's final decision when the agency's Appeals Council denied Plaintiff's request for review, [Tr. 1-7]. *See* 20 C.F.R. § 404.981. The Court has jurisdiction under 42 U.S.C. § 405(g).

---

[1] Bowen filed an earlier application for DIB.  After a hearing, an ALJ denied his claim on November 7, 2017. He did not seek judicial review of that decision.

## I. STANDARD OF REVIEW

"On judicial review, an ALJ's factual findings [are] 'conclusive' if supported by 'substantial evidence.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153 (2019 (quoting 42 U.S.C. § 405(g)). The substantial evidence threshold "is not high," and "defers to the presiding ALJ, who has seen the hearing up close." *Id.* at 1154, 1157. The substantial evidence standard is even less demanding than the "clearly erroneous" standard that governs appellate review of district court factfinding—itself a deferential standard. *Dickinson v. Zurko*, 527 U.S. 150, 152-53 (1999).

Substantial evidence is the type of evidence that would suffice, at trial, to avoid a directed verdict. *See NLRB v. Columbian Enameling & Stamping Co.*, 306 U.S. 292, 300 (1939). It is "more than a mere scintilla" and "means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek*, 139 S. Ct. at 1154 (internal quotation omitted). A court may not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility. *See Ulman v. Comm'r of Soc. Sec.,* 693 F.3d 709*,* 713 (6th Cir. 2012). A court may not try the case *de novo*, resolve conflicts in the evidence, or decide questions of credibility. *See Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 713 (6th Cir. 2012). Even if the Court were to resolve the factual issues differently, the ALJ's decision

must stand if supported by substantial evidence. *See Tyra v. Sec'y of Health & Human Servs.*, 896 F.2d 1024, 1028 (6th Cir. 1990). Here, on the record before him, the ALJ limited Plaintiff to a much-reduced range of simple, low-stress, sedentary work with limited exposure to certain environmental conditions.

## II. DISCUSSION

The first specific issue Plaintiff raises is whether pulmonary function test results submitted only to the Appeals Council, after the ALJ's decision, warrant remand. They do not. Although one of these results was quite low, others were much higher, and agency regulations mandate using only the highest result for disability evaluation. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 3.00(E)(1). As such, the pulmonary function test results submitted only to the Appeals Council, after the ALJ's decision, are immaterial—that is, they would not change the outcome—and thus do not warrant remand.

The second specific issue Plaintiff raises is whether, in view of certain other evidence, the ALJ reasonably discounted his subjective complaints of disability. To the extent Plaintiff points to the pulmonary function test results he belatedly submitted to the Appeals Council, these could not be considered part of the record for purposes of the Court's substantial evidence review. To the extent Plaintiff otherwise points to some other non-dispositive evidence regarding back pain and mental health

issues, the ALJ already considered evidence regarding these issues and concluded they were not more limiting. The Court should not reweigh the evidence; rather, because Plaintiff has shown no legal error in the ALJ's decision, and a reasonable mind could agree that the record before the ALJ adequately supports his findings, the Court shall affirm.

Plaintiff finished the eleventh grade and worked in the coal mines as both an operator and a foreman. [Tr. 328]. He allegedly became disabled in November 2017, due to back pain, breathing problems, depression, and anxiety. [*See* Tr. 70, 106-13, 283, 327]. He draws Black Lung benefits, which means that he can no longer work in the coal mines. [Tr. 72].

Medical records before the ALJ showed that Plaintiff improved with treatment and demonstrated several normal, or near-normal, objective and clinical findings during the relevant period. [*See* Tr. 595, 599, 601, 614, 618, 620-21, 623-24, 707-08, 713-14, 716-17, 725, 730, 743, 746, 752-53, 770-71, 782-88, 801-03, 805-11, 819-21, 836-42, 844-46, 853, 863, 897-911]. Among other things, Plaintiff's respiratory issues were mild and reasonably controlled on medication, and his spirometry (pulmonary function testing) was normal in November 2017 and November 2018, with only some occasional bronchitis-related flares. [*See* Tr. 405, 752, 819-21, 903-04]. Plaintiff admitted that pain medications helped quite a bit, he was able to function in a family setting, and he did not

4

regularly need to take narcotic or other pain medications. [*See* Tr. 595, 599, 601, 853]. His mental status improved and remained largely stable on medication, and he remained able to maintain regular activities with his family. [*See* Tr. 464, 488, 505-08, 714, 717, 743, 746, 770-71, 788, 803-04, 807, 811, 838, 842, 846, 863].

In October 2017, Plaintiff's primary care doctor, Lon Lafferty, M.D., opined that Plaintiff could not do heavy lifting, tugging, or pulling. [Tr. 670]. In January 2018, Dr. Lafferty opined that Plaintiff could not lift more than 10 pounds, could not sit or walk more than two hours each in an eight-hour workday, and would need to get up and move around every 20 minutes but could not walk more than five minutes at a time. Dr. Lafferty further provided that Plaintiff needed to avoid extreme temperatures, all activities that loaded his spine, all exposure to noxious odors, fumes, and chemicals, and all heights and moving machinery. [Tr. 648-49].

During the administrative proceedings, in February and July 2018, four state agency medical and psychological consultants reviewed the evidence and medically found that Plaintiff had mental and physical abilities consistent with a range of simple, routine,

light work with limited public interaction.[2] [*See* TR. 210-11, 213-17, 230, 233-36].

## A. THE ALJ'S DECEMBER 2019 DECISION

The ALJ followed the five-step process for evaluating disability claims. *See* 20 C.F.R. § 404.1520(a)(4). As relevant, between steps three and four, the ALJ considered the entire record and found Plaintiff could perform a much-reduced range of simple, routine, low-stress, sedentary work with limited public interaction and limited exposure to certain environmental conditions. [*See* Tr. 69-76]. Then, based on vocational expert testimony, the ALJ found that Plaintiff could not do his past work but could do representative sedentary, unskilled occupations existing in significant numbers—such as inspector, sorter, and table worker. [Tr. 76-77, 117-20]. Thus, the ALJ found Plaintiff was not disabled under the strict criteria of the Act. [Tr. 77].

After the ALJ's December 2019 decision, Plaintiff submitted additional information to the Appeals Council. [Tr. 123-79]. That additional information included pulmonary function test results from November 2019. Plaintiff's lung volume was mildly reduced [Tr. 172 (FEV1 and FVC abnormalities labelled as "m" (mild)]. He

---

[2] The State agency doctors and psychologists were Nick Watters, Psy.D., P. Saranga, M.D., Mary Thompson, Ph.D., and Douglas Back, Ph.D.

did best without a bronchodilator. [*See* Tr. 172]. The impression was "mild restrictive airway disease." [Tr. 173].

## B. REMAND

The Court does not see a developed legal argument in Plaintiff's brief that would support remanding based on the evidence he submitted to the Appeals Council after the ALJ's decision. *See United States v. Elder*, 90 F.3d 1110, 1118 (6th Cir. 1996) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived."); *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) (stating that it is not the Court's position to review a "skeletal" argument and "put flesh on its bones."). To the extent Plaintiff presses, factually, on the pulmonary function test results he submitted to the Appeals Council after the ALJ's decision, [DE 15-1, at 4-8 (citing [Tr. 172-73])], this belated submission is not considered part of the record for purposes of substantial evidence review of the ALJ's decision. *See Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). Rather, additional evidence submitted to the Appeals Council is considered only for purposes of a sentence six remand. *See Cotton v. Sullivan*, 2 F.3d 692, 696 (6th Cir. 1993).

Plaintiff does not argue for a sentence six remand. *See Curler v. Comm'r of Soc. Sec.*, 561 F. App'x 464, 475 (6th Cir. 2014) (unpublished) (plaintiff developed "no argument to support a

remand, and thus the request was waived). But in an abundance of caution, the Court nonetheless notes that a sentence six remand is not warranted here. "[A] remand under 42 U.S.C. § 405(g) 'sentence six' for consideration of additional evidence is warranted only if the evidence is 'new' and 'material' and 'good cause' is shown for the failure to present the evidence to the ALJ." *Ferguson v. Comm'r of Soc. Sec.,* 628 F.3d 269, 276 (6th Cir. 2010). Again, Plaintiff presses on the November 2019, pulmonary function test results he submitted to the Appeals Council. [DE 15-1, at 4-8 (citing [Tr. 172-73])]. But he does not explain why this report was not obtained earlier and submitted to the ALJ. *See Hollon*, 447 F.3d at 485-86. (finding that a claimant trying to introduce new evidence must explain why the evidence was not obtained earlier and submitted to the ALJ before the ALJ's decision). This, alone, is sufficient grounds to deny a sentence six remand here, where the pulmonary function testing was done a month before the ALJ's December 2019 decision. *See Curler*, 561 F.App'x at 475 (denying sentence six remand upon finding no showing of good cause for failing to submit medical notes dated a month or more before the ALJ's decision for consideration by the ALJ).

Plaintiff claims the November 2019, test results are material, meaning they would have changed the outcome, because his FEV1 after using a bronchodilator (1.46 L) was below Listing-level for his height of 71 inches: 1.85 L or less. [*See* DE 15-1, at 5,

7-8 (citing [Tr. 172])]. But Plaintiff is mistaken, as the test results are not material. The test report does not appear to be acceptable for disability evaluation purposes. Only two sets of readings were obtained, [Tr. 172], and "at least three" are required. *See* 20 C.F.R., Pt. 404, Subpt. P, App. 1, § 3.00(E)(1). In any event, the agency only considers the highest values. *See id.* § 3.00 (E)(1) ("We use your highest FEV1 value to evaluate your respiratory disorder under 3.02A . . . and your highest FVC value [for] 3.02B"); *see also, Nettleman v. Comm'r of Soc. Sec.*, 728 F. App'x 473, 475 (6th Cir. 2018) (unpublished). Here, Plaintiff's values were much higher before he used the bronchodilator: FEV1 of 2.89 L, and FVC of 3.78 L. [Tr. 172]. These are the final results listed on the test report, [Tr. 173], and they are well above the relevant Listing levels of less than or equal to 1.85 L and 2.30 L, respectively. *See* 20 C.F.R., Pt. 404, Subpt. P, App. 1, § 3.02(A)-(B).

Nor do the November 2019, test results indicate that Plaintiff's pulmonary functioning was materially worse than the ALJ found. [DE 15-1, at 7]. They are labelled with an "m" for "mildly abnormal," and the interpreting doctor's impression is "mild restrictive airway disease." [Tr. 172-73]. This jives with the ALJ's decision, which noted that Plaintiff's breathing problems were no more than mild in and around the relevant period

[*See* Tr. 72, 405 ("mild airflow obstruction" and "mild hypoxia"), 752 (noting normal pulmonary tests in 2017 and 2018)].

In sum, the November 2019 pulmonary test results Plaintiff submitted to the Appeals Council do not warrant remand. The Court does not have authority to review the Appeals Council's denial of review, and the additional evidence Plaintiff submitted to the Council can only be considered for purposes of a sentence six remand, which is not warranted here. Therefore, Plaintiff has failed to show good cause for not submitting this information to the ALJ. In any event, the November 2019, test report is not material. It does not show that Plaintiff met Listing 3.02, and it otherwise aligns with the ALJ's findings.

### C. COMPLAINTS OF PAIN

The rest of Plaintiff's arguments are addressed to the ALJ's evaluation of the evidence that led him to discount Plaintiff's subjective complaints of disabling symptoms and limitations. [*See* DE 15-1, at 8-10]. Plaintiff cloaks his argument in the garb of legal error, but he does not make a developed argument of error. Instead, Plaintiff merely appears to disagree with the with the ALJ's conclusions in view of a few select pieces of evidence that he highlights. Plaintiff's arguments do not warrant disturbing the ALJ's supported decision here.

As discussed above, substantial evidence supports the ALJ's well-explicated decision to discount Plaintiff's subjective

complaints of disabling symptoms and limitations and to nevertheless find him capable of a much-reduced range of simple, sedentary work. [*See* Tr. 69-76]. Plaintiff's limited objection to this is that his "conditions are supported by the record as a whole." [DE 15-1, at 9]. He points to his back pain, breathing problems, and mental impairments, *id.*, but the ALJ did not dispute the existence of these conditions, [*See* Tr. 66].

### III. DECISION

The Court shall affirm the ALJ's decision because it is legally sound and supported by substantial evidence from the record that was before him. *See* 42 U.S.C. § 405(g). Plaintiff does not appear to dispute that the ALJ's decision is legally sound. Rather, he raises no claim of legal error as to the ALJ's decision. [DE 15-1, at 4-10]. And as discussed further herein, a reasonable mind could easily agree that there is enough evidence to support the ALJ's key finding here—namely, his assessment of Plaintiff's residual functional capacity ("RFC").

RFC is an administrative finding, based on all relevant evidence, as to the most a claimant can do despite his impairments. 20 C.F.R. §§ 404.1545(a)(1), (a)(3), 404.1546(c). Here, the ALJ reasonably considered the entire record before him and found that Plaintiff, a younger individual with back pain and respiratory and mental health issues, was limited to a much-reduced range of simple, routine, low-stress, sedentary work with limited public

11

interface and limited exposure to certain environmental conditions. [Tr. 69-76]. Dr. Lafferty thought Plaintiff was more limited, opining, for example, at the extreme that he could only sit for two hours per day total. [Tr. 75, 648-49]. But four State agency doctors and psychologists reviewed the evidence and found he could do a range of simple, light work. [Tr. 74-75, 210-11, 213-17, 230, 233-36]. Medical records before the ALJ showed that Plaintiff improved with treatment and exhibited a number of normal, or near-normal, objective and clinical findings during the relevant period. [*See* Tr. 71-76, 595, 599, 601, 614, 618, 620-21, 623-24, 707-08, 713-14, 716-17, 725, 730, 743, 746, 752-53, 770-71, 782-88, 801-03, 805-11, 819-21, 836-42, 844-46, 853, 863, 897-911]. He admitted that pain medications helped quite a bit, and he did not regularly need to take them. [*See* Tr. 71-75, 595, 599, 601, 853]. His respiratory issues were mild and reasonably well-controlled on medication. Pulmonary function testing was normal in late 2017 and late 2018, and he only had occasional symptom flares when he had bronchitis. [Tr. 72-73, 405, 752, 819-21, 903-04]. His mental status improved and remained largely stable on medication, and he remained able to maintain a number of regular activities with his family. [*See* Tr. 73-74, 76, 464, 488, 505-08, 714, 717, 743, 746, 770-71, 788, 803-04, 807, 811, 838, 842, 846, 863]. For the above-stated reasons,

   **IT IS ORDERED** as follows:

(1) The Commissioner's final decision is **AFFIRMED;**

(2) The Commissioner's Motion for Summary Judgment [DE 19] is

**GRANTED;**

(3) Plaintiff's Motion for Summary Judgment [DE 15] is **DENIED;**

and

(4) A separate judgment in conformity herewith shall this

date be entered.

This 2nd day of November, 2021.



Signed By:

_Joseph M. Hood_

Senior U.S. District Judge